argued and we'll turn to the third case to be heard today 21-169 Frilando v. New York City Transit Authority. Mr. Hummel? Yes, thank you your honor and may it please the court. The decision in this case should be reversed for one of two independent reasons. First, the defendants discriminated against Mr. Frilando at the pre-employment stage by failing to provide ASL interpreters to accommodate his deafness. It is undisputed that no qualifications are assessed until an applicant takes and passes one of these pre-employment tests and only at that point and when there's an opening applicants who pass the test are then called invited to a medical evaluation to determine whether or not they can perform the essential functions with or without reasonable accommodations. Thus the defendants discriminated against Mr. Frilando by failing to administer the pre-employment tests in the most effective manner for him which would be in his primary language of ASL. Isn't it the case that even a hearing applicant would be required to take the written test in English not in that person's primary language? Yes, that would be the case that they impose the English requirement but under the disability discrimination analysis of ADA and the state and city analogs we look whether or not there's a reasonable accommodation that could assist someone like Mr. Frilando and accommodate his disability. Well but would it be a reasonable accommodation if the ability to write English is a qualification for the job? That last part is the most important part is whether or not it actually is a qualification of the job. So I think that's one of the areas where the district court got it wrong. So the applicant can perform the essential functions and second an independent analysis is whether or not the test purports to measure certain skills. But I think what the district court missed and what is consistent with the Bartlett case by then district judge Sotomayor is that not only does the test have to measure a certain skill it has to be shown that the skill is linked to an essential function and that there is no reasonable accommodation that would allow the individual to perform that function. Well let me back that up and try to figure out what a job we're looking at here. Originally your client applied to be a bus driver a train driver or a track worker or all three of them something like that right? That's correct all three. And but as I read the brief I thought it was focused primarily on the track worker is that correct? That's correct we focused on the track. But does that mean you're not abandoning the other two jobs? I mean is this now a case about track workers or is this still a case about bus drivers and train drivers? No this is a case about all three positions. We had focused on the track worker job because of the different configurations of a track worker. Specifically another error that the district court made was looking at a track worker and assuming that all track workers work on tracks. But as we see in the record. All but nine out of 1700 right? That's not true. There are your honor nine individuals who work in administrative settings. But looking at the job analysis report for track workers they list 12 incumbents and six of these incumbents clearly do not work on tracks. There are those that. But now could I back up to the train drivers and the bus drivers? Of course. I thought it was clear that those workers did have obligations to for example write reports. Is that wrong? There are obligations for those positions to write reports. But what the district court needed to focus on is outcomes and not methods. For example a job posting couldn't say you need someone to type if the desired skill is drafting letters and memoranda. Because for example dictation software could assist someone with a disability to draft those memoranda and letters. Likewise here if someone is preparing reports or communicating with passengers there is a wide universe of accommodations that could assist that person. And returning to the second independent reason that's because Mr. Freelando can perform the essential functions of these jobs. Returning to the track worker position there are those that drive vehicles, build materials, and work in office settings. And it's important to emphasize that the defendants have not shown. But is there is there a separate I mean I thought an employer was entitled to have a reasonable job classification. And if the classification is track worker some people some days maybe some weeks maybe even for a year may be assigned to a task that doesn't sound like working on the tracks. But are you saying they're required to split off some of those other functions that some track workers do and hire separately for them to the to whatever extent what most track workers do might require a hearing individual that it would be a necessary accommodation to split the job up and notice that some people in that job category happen to be assigned to something else either temporarily or permanently and that that has to respond as your honor first an employer would not be compelled to split up the essential functions of a job but what's important as this court recognized in stone is we don't focus solely on the job title or what even most people in the job do we focus on the day-to-day responsibilities and well but but no but it's still I mean the question is uh so for example one of the uh of the people working in offices are elected shop stewards uh right somebody who's who's got the duty of representing the union uh that's still a track worker and happened you couldn't say well we should hire somebody who couldn't work on the tracks but he could be a shop steward that wouldn't make any right so it's a question of is the employer required to uh say well certain track workers in the course of their work get assigned to something other than working on tracks for a while but you're saying if that is the case then they would have to hire separately in effect where they would have to make a a job category that a person with a disability who couldn't do the work of the majority or the vast majority of track workers could be sort of shunted off into something else no your honor and to continue one one thing that uh is an overarching point is what the district court also overlooked is that under the new york city human rights law the new york court of appeals has made clear that the employer bears the burden to show that there is no safe and reasonable accommodation that would allow someone to perform the essential functions so even if there were someone who worked on the track the employer here the employers here have not ruled out all possible accommodations that could assist them but even more so if i could just briefly finish this response seeing that my time has expired thank you very much is that applicants who've taken past the test are called when a vacancy arises so there could be a vacancy of a job that mr freelando can or cannot perform but we see at minimum that there are possible positions such as those who drive vehicles or who primarily work in office settings that he would be able to meet those requirements he has a driver's license he has experience with computers and with that i reserve the remainder of my time for rebuttal thank you very much um mr mr hummel i have just a clerical question yes you or and or your law firm also were counsel in williams versus mta bus company right that's correct and i'm a simple question um since you may be a specialist in such matters are you aware of any other appeals raising this or similar questions no uh the only appeals i'm aware of that yes the only two that implicate this issue right now as far as we're aware is williams in this case and that one is pending right and that one is pending as well sure is there is there um much difference between this case and the williams case i think there are big differences first and foremost the williams case was decided at the summary judgment stage here we have the benefit of a full record after a trial but uh more so too there were questions in williams of whether or not the plaintiff ike williams was actually qualified for the job the job in that case was an assistant stock worker and under those requirements they had to either meet a certain number of years as a stock worker a certain number of years as a stock worker plus a high school diploma or a satisfactory equivalent of both that was a question here but unlike the williams case the track worker job for example has no formal education or experience requirements so there are certain differences with the positions but they do share the same threshold issue of the pre-employment test thank you thank you miss kaufman oops please proceed yes sir good afternoon uh judge cabranas judge shannon uh judge lynch i'm delighted to be before you representing the new york city transit authority and map stoa in this action as judge rakoff found the ability to understand and be understood in english were essential requirements and functions for the jobs for which mr ferlando applied a reasonable accommodation does not mean elimination of any of the job's essential functions and that is precisely what would have occurred if there was wholesale interpretation of the tests for mr ferlando i understood from uh from the briefing not so much from the argument today that there's a separate inquiry as far as the plaintiff is concerned as to the pre-employment test and the suggestion was you don't even look at the essential functions of the job because there were no requirements to take the test and that in essence is a claim in and of itself i mean how do you deal with that well judge first of all the notice of examination for each of these tests sets forth all of the qualifications for the job each job and they are uniform in the english language requirement an attack on the english language requirement was in fact made by the plaintiff and summary judgment was granted by judge scoffield who had the case at that time for for the defendants um the um the entire testing system at the transit authority and map storer is governed by dcas the department of citywide administrative services rules and regulations dcas has the authority to give these exams they've delegated it in certain instances to the transit authority and the transit authority follows dcas's rules dcas has a specific rule that all exams must be given in english because part of the point of the exam is to test for english comprehension and the ability to understand english it is inherent in every single one of the positions for which mr frilando applied but the english the english uh that is tested by the test is written english right not spoken english but the comprehension of english um well but the comprehension of written english because you offered him an accommodation for whatever was test administrator is going to say you know pencils up pencils down you have uh 20 minutes to do this whatever use a number two pencil or use this button on your computer to answer a b c and d that's all going to be translated for him into acl yes the instructions were um judge did have an exam in front of him uh at the trial it was court exhibit number one and uh on uh joint appendix page 675 he goes through a whole examination of that test and he finds that the tests plainly purport to and do measure comprehension of written english right so does does it i guess my question was going to turn out to be does a track worker need to be able to read and write and and what is the evidence that that's so to read and write in any language um yes absolutely so the track worker position uh position and again there was extensive evidence 64 exhibits seven um witnesses testified at the trial they do need to write because there are that um would be given out they do need to obviously understand written materials because they get safety uh material and they do need to be able to communicate not only with themselves but with others who may be involved in emergency situations and judge ray cloth found that um the it's not just protecting themselves it's not just protecting the public it's protecting other workers and the track worker of course has the need to be able to both speak sometimes instantly in an emergency and also to be able to understand what's being said to him or to her um as judge the argument what about the argument that there are track worker positions that don't uh etc i i don't think that there's anything in the record that supports the notion that there are designated track worker positions where someone will be sitting in an office and don't only doing office work i don't think the record supports that judge i think the record rather supports and there was testimony as well as uh documentary evidence of this that track workers as judge ray cloth found um i just had that they uh maintain install inspect and repair subway and elevated train tracks um they work on uh in gangs that verbally communicate with one another about the safety aspects of the work being performed one core function of a track worker is flagging in which track workers verbally communicate with trained operators about when it is safe to proceed um your honor you were entirely right that no one receives any sort of translation or interpretation of the written questions and answers on this multiple choice exam and that's because the ability to speak and understand english um is an essential element of of each of these jobs the district court wrote about this extensively and of course um the the standard for review of the district court's findings is is deference unless there is clear error uh that that you can find and there simply is not in this record any basis on which to find a clear error um the transit authority did offer to accommodate mr ferlando's disability as judge lynch noted he received not only the ability to have the uh he received uh the ability to take the exam uh really whenever he wanted to we spent 16 months trying to find a suitable date and of course he never took any of these exams he never accepted the accommodation that was offered to him which which was telling um he did accept that same accommodation when he applied for the sanitation worker position earlier which he applied for through dcas he got he received the he was given the same exact accommodation and he sat for the exam and he did not pass it um he also was given a double amount of time to take the test and he did not accept that either uh the human rights law claim it it it does seem that um the district court made an error by lumping the three theories together when there's a different standard for uh who bears a burden of judge raycliffe did not spell that out but i think uh the court's decisions um in uh snowden and in gilbert uh address that and uh in fact in um i i think that the finding that judge uh raycliffe made and i have it right here um that the and an accommodation cannot be deemed to be reasonable if it eliminates the essential functions of the job or essential requirements of the job and that would be the burden that the transit authority had to show that and judge raycliffe found that we did show that because we demonstrated and proved extensively at trial that the um english language requirements were essential functions of this job so the you're saying it was proved it was proved regardless of whose burden it was this isn't a case that turns on who bears the burden it's correct judge if affirm the uh the district court's uh findings and conclusions thank you thank you miss calvin mr hummel you reserve three minutes yes thank you your honor three main points on rebuttal first judge chin your question about the pre-employment test and judge lynch to return to your colloquy with me about the track workers and then finally an overarching point about the city law uh first judging you are correct the pre-employment test is a threshold inquiry and we could resolve the case right then and there it is undisputed that the transit authority in map stoa would not evaluate anyone's credentials until they take and pass an exam so we could resolve the case right there because it's unclear at that stage whether or not mr freelando can perform the essential functions what what damages would there be you know uh wouldn't you have to get to the the second part whether in fact he would there was a reasonable chance he would have gotten one of the jobs or is there some uh independent harm uh with respect to just taking the test there is an independent harm the city law itself says that discrimination under it is a harm in and of itself but we could even look to whether or not he's qualified for the essential functions of the job to amplify his damages but i think at minimum if he's discriminated against he's entitled to the ada is the idea that the test is somehow a place of public accommodation that he has an independent right to get a fair test that's separate from employment altogether well under title one he is entitled to uh receive a test that is administered in the most effective manner for him and that would be in his primary language of asl because of his disability affects english is is this under uh uh section uh uh i think it's one two one two one one two uh b five six and seven is that what you're looking to and and if so which one or is there something else that i'm missing that's not one of those sure it would be both five a for the failure to make accommodations for an applicant or employee seven as well for the failure to administer tests in the most effective manner and it also would incorporate 3a of utilizing standards criteria or methods of administration that have the defect of discrimination on the basis of disability but but and all of that is premised on the assumption that you don't have to be a qualified individual that is you don't have to be someone who could do the accommodation because of the way in which this definition of discrimination that's the argument that that's precisely correct if you look at the construction section b it defines the term open quote discriminate against a qualified individual on the basis of disability close quote and includes those sections i understand what i understand what your your sort of algebraic this would still count as discrimination against a qualified individual by reason of that algebraic substitution because if he has to be a qualified person to even get in the the ballpark for this kind of claim then you would have to look to whether he qualifies for the the job as judge rakoff seemed to think no actually judge rakoff also agreed he said if you look at subsection 7 it states to ensure that when such test is administered to a job applicant or employee so in other words it does not repeat the qualifying individual language so it assumes that someone's a job applicant and if i may just briefly conclude your honors yes go ahead thank you very much i had promised to talk to judge lynch real quickly about our colloquy if you look at pages 808 to 810 of the joint appendix you'll see the observed duties of incumbents as this in borkowski we need to not only look at an employer's description of the job but how the job is actually performed in practice and we see that there are many individuals who do not work on tracks but as one final emphasizing point the city bears the burden under the city law and as the court of appeals said in jacobson even though a good faith interactive process is not an independent element it does create a formidable obstacle if the city does not engage in an interactive process to show that no reasonable accommodation existed that means under the city law the transit authority and map stowa need to show look we tried all possible accommodations there's no job there's no accommodation that we can give to mr freelando for any of these three jobs or any of the different configurations of a track worker and we just don't have that evidence judge rakoff didn't look at it and that didn't come out of trial and for that reason at minimum the transit authority and maps city law and remand and reversal is appropriate okay can i just ask one quick question that's not so much on the merits uh with respect to the williams case i think you were suggesting earlier that there could be ways that the williams case would come out such that it would have no effect on this case but would there not be other ways that case could be decided that might either win this case for you or even lose it for you depending on what the ruling was there yes judge so for example if the williams panel decided that yes we only look at the pre-employment stage we have no concern for the essential functions we went automatically but even if the williams panel decided no we look past the pre-employment stage we win as well because mr freelando can perform the essential functions of at least some of the jobs we have in the record and that's particularly true under the city law so you're suggesting we could we should decide this case and not wait for williams or do you do you think that it makes i guess really our decision more than yours i'm curious of your view as to why shouldn't we wait and see what the precedent is that's set by williams and then get supplemental briefing from you folks and proceed again at that point is that not a rational way to proceed your honor that is one rational way to proceed but what i also would posit is the fact that given that we have a full trial record and we've had testimony from different transit authority individuals who said yes it is undisputed that no qualifications are assessed that there's no question about that i think we can look at the record and say at the pre-employment stage if we freeze the case in a vacuum there is no determination whether or not any applicant has the essential functions of the job and even on that point this court does not need to wait for williams because the defendants need to administer the test in the most effective manner so even if there were certain questions about written comprehension the city could bifurcate the test job skills separately and then english comprehension later michael query a witness in this case actually addressed that and said it is possible but it just wouldn't be practical but that's not enough under the city law where you need to show undue hardship that quote by the way is on page 269 of the joint appendix and because the city hasn't shown undue hardship and even bifurcating the test that is an independent reason why we don't have to wait for williams and i thank the court very much for all this additional time and i rest on our briefs you're thank you and mr katev for uh miss kaufman rather for your fine arguments and i would simply note that we have two cases on submission 19-31 25 and 1930 606 junk versus board of governors of the federal reserve system and 21-953 mccoy case thank you very much we're adjourned we're sent to john thank you douglas one second please you